OPINION. Arundell, Judge: Section 101 (7) of the Internal Eevenue Code provides for the exemption from taxation of “Business leagues * * * not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.” Under the regulations (Eegulations 111, §29.101 (7)-l, and corresponding provisions of prior regulations), to be exempt a business league must be an association of persons with common business interests; its purpose must be to promote the common interest and not to engage in a regular business of a kind, ordinarily carried on for profit; and its activities must be directed to tbe improvement of business conditions in one or more lines of business as distinguished from the performance of particular services for private individuals. While it is true that earnings of an organization may inure to the benefit of private individuals in ways other than through the distribution of dividends, Northwestern Municipal Association, Inc. v. United States, 99 Fed. (2d) 460; Northwestern Jobbers Credit Bureau v. Commissioner, 37 Fed. (2d) 880, it can hardly be supposed that individuals would often join organizations without the expectation of receiving some personal benefits therefrom. In recognition of this, the courts have held that if the individual benefits, such as particular services rendered to members, are only incidental or subordinate to the main or principal purposes required by the statute, exemption is not to be denied the organization. Retailers Credit Association of Alameda County v. Commissioner, 90 Fed. (2d) 47; Commissioner v. Chicago Graphic Arts Federation, Inc., 128 Fed. (2d) 424; Associated Industries of Cleveland, 7 T. C. 1449. In support of his position that the petitioner is not exempt, respondent Stresses particularly the publication of the magazine “Shoe Service” and the fact that through advertising it produced annual net profits. While it may be said that the publication of a magazine is a business ordinarily carried on by others for profit, the magazine “Shoe service” is really not competitive in any ordinary sense. No other comparable magazine is published in the United states. It is not sold, but is circulated free to the shoe repair men over the country, and they are not members of the petitioner. Nor can we say that in publishing the magazine petitioner’s purpose is “to engage in a regular business of a kind ordinarily carried on for profit,” within the meaning of the regulations. The magazine is no mere sales medium. Unlike the catalogs involved in Automotive Electric Association, 8 T. C. 894, which were found not to be directed to the improvement of business conditions generally, the main object of this magazine, as shown by the unim-peached testimony of the witnesses and by an examination of several copies in evidence, is educational and informational. It is designed to teach the shoe repair man to be a better artisan and business man, to show him the advantages of modern advertising and the use of machinery and of proper shop layout, and in general how to render better services to the public. When petitioner was organized it was recognized by its members that only through improving the conditions of the shoe repair men, the qualtity of their workmanship, and their relations with the public could its purpose of promoting the welfare of the entire industry be accomplished. The magazine has been a means to that end, a medium for conveying the educational message of the petitioner to the shoe repair man. The advertising, which is done by the manufacturer and tanner, defrays the cost of the publication; and the remaining profits go into petitioner’s general funds for use in its other activities. The advertisements themselves are general in nature and do not indicate to the shoe repair man that the products advertised may be bought from any particular finder or finders. We think that the publication of the magazine does not deprive petitioner of the claimed exemption. The record convinces us that petitioner’s primary purpose was the improvement of business conditions in the leather and shoe findings industry as a whole, which is an exempt purpose within the applicable statute and regulations. We think all its activities, including the publication of the magazine, the credit information and collection bureau, and the clearing house and legislative, tax, and trade statistics information made available through bulletins to the members were directed in the main toward accomplishing that primary purpose. Petitioner was not so much engaged in rendering particular services to individual members from time to time, but rather in disseminating useful information to all its members as a group. In any event, in so far as any of these activities may be said to partake of the nature of “particular services,” we are satisfied that to that extent they were but incidental to petitioner’s main purpose to promote the welfare of and improve business conditions in the entire industry. It can not fairly be said on this record that petitioner was either organized or operated for the purpose of publishing a magazine for profit, or of engaging in a credit or collection business, or of furnishing to individual members other services which they could purchase elsewhere. For these reasons, we conclude that in the taxable years petitioner was an exempt business league within the meaning of section 101 (7). Reviewed by the Court. Decision will he entered, for the petitioner.